O’Neill, J.
{¶ 1} The Ninth District Court of Appeals identified a conflict between its judgment in this case and prior judgments of the Third, Fifth, and Tenth District Courts of Appeals. The court certified to us, and we agreed to answer, the following question of law: “Does the current version of R.C. 2307.60 independently authorize a civil action for damages caused by criminal acts, unless otherwise prohibited by law?” 143 Ohio St.3d 1496, 2015-Ohio-4468, 39 N.E.3d 1268. Applying the plain and unambiguous terms of R.C. 2307.60, we answer the certified question in the affirmative and affirm the judgment of the Ninth District Court of Appeals.
Facts and Procedural History
{¶ 2} Jessica Jacobson filed a pro se complaint against defendants-appellants Ellen C. Kaforey, Akron Children’s Hospital, and Cleveland Clinic Children’s Hospital for Rehabilitation, alleging, as relevant to this appeal, three civil claims brought under R.C. 2307.60. Each of those claims sought recovery for damages arising out of the alleged violation of a criminal statute: unlawful restraint, R.C. 2905.03; kidnapping, R.C. 2905.01; and child enticement, R.C. 2905.05. Jacobson alleged that the hospitals and Kaforey—an attorney and registered nurse who had been appointed by the Summit County Probate Court as a conservator to assist Jacobson’s mother in making medical decisions for Jacobson—unlawfully restrained her by keeping her mother from visiting her while Jacobson was hospitalized in 2001 at the age of seven. Further, Jacobson alleged that Kaforey, aided by Cleveland Clinic Children’s Hospital for Rehabilitation, kidnapped her by arranging without authority to have her sent that year to live with a family member in Florida. And finally, Jacobson alleged that Kaforey, in concert with the hospitals, unlawfully enticed her onto the plane to Florida without obtaining the required legal permission from Jacobson’s mother.
*399 {¶ 3} Kaforey and both hospitals moved to dismiss all counts of the complaint under Civ.R. 12(B)(6) for failure to state claims upon which relief could be granted. The trial court granted the motions as to all claims and dismissed the case. In ruling on the claims brought under R.C. 2307.60, the trial court observed that “Ohio courts have established that civil actions for damages may not be predicated upon alleged violation of a criminal statute.”
{¶ 4} Jacobson appealed pro se, raising several assignments of error asserting that the trial court should not have dismissed the claims brought under R.C. 2307.60. She argued that that statute creates a cause of action to recover damages caused by a criminal act. After briefing was completed, the court of appeals granted in part a motion filed by Jacobson’s stepfather, Gary Kirsch, to substitute himself for her as her guardian, and Kirsch later retained counsel. A divided panel of the court of appeals agreed with Jacobson and Kirsch, holding that “the current version of R.C. 2307.60 independently authorizes a civil action for damages” caused by criminal acts. “That is exactly what the plain language of the statute authorizes.” 2015-Ohio-2624, 39 N.E.3d 799, ¶ 21 (9th Dist.). The court of appeals remanded the cause to the trial court for further proceedings.
{¶ 5} Kaforey and both hospitals moved the court of appeals under App.R. 25 to certify a conflict between its judgment and the judgments of several other district courts of appeals, each of which held that R.C. 2307.60 does not create an independent cause of action but merely codifies Ohio common law that a civil action does not merge into a criminal prosecution. The court of appeals granted the motions, holding that its judgment was in conflict with judgments of the Third, Fifth, and Tenth District Courts of Appeals. See Applegate v. Weadock, 3d Dist. Auglaize No. 2-95-24, 1995 WL 705214, *3 (Nov. 30, 1995); McNichols v. Rennicker, 5th Dist. Tuscarawas No. 2002 AP 04 0026, 2002-Ohio-7215, 2002 WL 31883700, ¶ 17; Edwards v. Madison Twp., 10th Dist. Franklin No. 97APE06-819, 1997 WL 746415, *7 (Nov. 25, 1997); Groves v. Groves, 10th Dist. Franklin No. 09AP-1107, 2010-Ohio-4515, 2010 WL 3722641, ¶ 25. We determined that a conflict exists and ordered briefing. 143 Ohio St.3d 1496, 2015-Ohio-4468, 39 N.E.3d 1268.
Analysis
{¶ 6} We must answer the straightforward question certified to us by the court of appeals: “Does the current version of R.C. 2307.60 independently authorize a civil action for damages caused by criminal acts, unless otherwise prohibited by law?” We hold that it does.
{¶ 7} The statute at the heart of the dispute in this case is current R.C. 2307.60(A)(1). It provides:
*400 Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney’s fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.
{¶ 8} When we consider the meaning of a statute, our first step is always to determine whether the statute is “plain and unambiguous.” State v. Hurd, 89 Ohio St.3d 616, 618, 734 N.E.2d 365 (2000). If “the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation,” because “an unambiguous statute is to be applied, not interpreted.” Sears v. Weimer, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus. Ambiguity, in the sense used in our opinions on statutory interpretation, means,that a statutory provision is “capable of bearing more than one meaning.” Dunbar v. State, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 16. Without “an initial finding” of ambiguity, “inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other factors identified in R.C. 1.49 is inappropriate.” Id.; State v. Brown, 142 Ohio St.3d 92, 2015-Ohio-486, 28 N.E.3d 81, ¶ 10. We “do not have the authority” to dig deeper than the plain meaning of an unambiguous statute “under the guise of either statutory interpretation or liberal construction.” Morgan v. Adult Parole Auth., 68 Ohio St.3d 344, 347, 626 N.E.2d 939 (1994). If we were to brazenly ignore the unambiguous language of a statute, or if we found a statute to be ambiguous only after delving deeply into the history and background of the law’s enactment, we would invade the role of the legislature: to write the laws.
{¶ 9} We remain careful, however, not to “pick out one sentence and disassociate it from the context.” Black-Clawson Co. v. Evatt, 139 Ohio St. 100, 104, 38 N.E.2d 403 (1941). We instead focus on everything within “the four corners of the enactment” in order to “determine the intent of the enacting body.” Id.
{¶ 10} Applying these principles, we answer the certified question in the affirmative. R.C. 2307.60(A)(1), by its plain and unambiguous terms, creates a statutory cause of action for damages resulting from any criminal act. The wording chosen by the Ohio General Assembly is explicit: any person “injured * * * by a criminal act has * * * a civil action” unless a civil action “is specifically excepted by law.” (Emphasis added.) R.C. 2307.60(A)(1). The title of the legislation originally enacting that language in R.C. 2307.60, which became effective in 1985, demonstrates that the General Assembly specifically sought to *401 create a civil cause of action for damages resulting from any criminal act: “AN ACT * * * to amend, for the purpose of adopting a new section number as indicated in parentheses, section 1.16 (2307.60) * * * of the Revised Code to establish a specific statutory civil action for the recovery of full damages for personal injury or property loss arising from any criminal act * * (Boldface and capitalization sic.) Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, 3783. These legislative statements are crystal clear. We need not dig further for the meaning of the statute when the language that was signed into law is so clear. Although R.C. 2307.60 has been amended a number of times since 1985, current R.C. 2307.60(A)(1) continues to specifically authorize a civil action for damages based on the violation of any criminal statute, unless an exception applies.
{¶ 11} We make no ruling today beyond answering the certified-conflict question. Any ensuing issues regarding how the statute operates or what a plaintiff must do to prove a claim under R.C. 2307.60(A)(1) are beyond the scope of this appeal. Resolution of issues of that type by this court must await an appeal in a case in which the issues are properly before the court.
{¶ 12} By holding that R.C. 2307.60 creates a civil cause of action for damages resulting from any criminal act, we faithfully apply our precedents on statutory construction. We recognize the concerns expressed by the defendants in this case that our ruling today in this regard may open the floodgates of litigation and permit a flurry of new civil claims to be raised in perhaps dubious circumstances. But those gates are not ours to open or close. The decision to create a civil cause of action for any person injured by a criminal act has been definitively made by the General Assembly.
Conclusion
{¶ 13} By its plain and unambiguous language, R.C. 2307.60 creates a civil cause of action for damages resulting from any criminal act, unless otherwise prohibited by law. We therefore answer the certified question in the affirmative and affirm the judgment of the court of appeals, which remanded the cause to the trial court for further proceedings.
Judgment affirmed.
O’Connor, C.J., and Pfeifer and Lanzinger, JJ., concur.
Kennedy, J., concurs in judgment only, with an opinion joined by Jensen, J.
O’Donnell, J., dissents, with an opinion.
James D. Jensen, J., of the Sixth Appellate District, sitting for French, J.