[Cite as *In re J.F.*, 2017-Ohio-7675.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: J.F. | : | APPEAL NOS. C-160719 |
| | | C-160720 |
| | : | C-160721 |
| | | C-160722 |
| | : | C-160723 |
| | : | TRIAL NOS. 14-8103X |
| | | 14-9302X |
| | : | 14-8991X |
| | | 14-10664X |
| | : | 14-8992X |
| | : | *O P I N I O N.* |

Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Affirmed in C-160719, C-160720, C-160721 and
C-160723; Appeal Dismissed in C-160722

Date of Judgment Entry on Appeal:  September 20, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*,
Assistant Prosecuting Attorney, for Appellant State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Julie Kahrs Nessler*,
Assistant Public Defender, for Appellee J.F.

**MYERS, Judge.**

{¶1} The state of Ohio has appealed from the trial court's adoption of the magistrate's decisions that dismissed charges against appellee J.F. based upon the following determinations: that J.F. had not been restored to competency; that J.F. likely could not be restored to competency within a reasonable time; and that the time allowed by statute for the attainment of competency could not be tolled once the competency-restoration process had begun.

### *Facts and Procedure*

{¶2} The state filed complaints alleging that J.F. was a delinquent child for committing acts that, if committed by an adult, would have constituted the offenses of theft, criminal damaging, possession of criminal tools, and domestic violence. An additional complaint was filed alleging that J.F. was an unruly child because he was habitually truant in violation of R.C. 2151.022.

{¶3} Upon defense counsel's motion that J.F. was not competent to stand trial, a magistrate with the Hamilton County Juvenile Court ordered J.F. to undergo a psychological evaluation. On April 7, 2016, based on the competency report, the magistrate issued orders finding that J.F. was not competent to stand trial, but that there was a substantial probability that J.F. could be restored to competency in the foreseeable future. The magistrate approved a competency-attainment plan for J.F. and ordered J.F. to participate fully in the approved plan. Pursuant to R.C. 2152.59(D)(2)(a), the plan provided for an attainment of competency deadline of three months.

{¶4} On May 5, 2016, the magistrate conducted a hearing and issued orders finding that J.F. had attended the required attainment services and had been making progress on the competency-attainment plan. The magistrate's orders directed J.F. to continue to participate fully in treatment and services.

{¶5} On May 23, 2016, another hearing was held. A competency-attainment report indicated that J.F. had attended one of two scheduled attainment sessions since his last court date. The report recommended that J.F. continue services on an outpatient basis, but that, should J.F. fail to regularly attend services, the court should consider continuing services in a more restrictive setting. Following the hearing, the magistrate again issued orders finding that J.F. was making progress on the attainment plan and directing him to continue to participate fully.

{¶6} At a hearing on June 20, 2016, a competency-attainment report indicated that J.F. had not attended an attainment session since May 7, 2016. The report recommended that the court consider continuing attainment services in a more restrictive setting, such as individual sessions or detention. Following the hearing, the magistrate issued orders providing that, because J.F. and his parent had failed to appear for the hearing, a warrant would be issued for J.F.'s arrest if he failed to appear at the next hearing, scheduled for June 27, 2016. The orders additionally stated that J.F. would be taken into custody and held for completion of attainment if he failed to attend the next attainment session.

{¶7} Following the hearing on June 27, 2016, the magistrate issued orders finding that J.F. was making progress on the attainment plan and directing him to continue to participate in services. The orders noted that J.F. had attended the attainment class specified in the prior court order.

{¶8}   On July 7, 2016, the competency-attainment deadline, the magistrate found that J.F. had not been restored to competency and that it was unlikely that he would be restored to competency within a reasonable time.   The magistrate dismissed the charges against J.F.  She also denied the state's request to toll the time allowed for competency attainment based on J.F.'s failure to participate in attainment services, determining that the applicable statute did not provide a mechanism to do so.

{¶9}   The state filed an objection to the magistrate's decisions dismissing the charges, arguing that the time provided for a juvenile to attain competency, as set forth in R.C. 2152.59, should be tolled due to J.F.'s failure to participate in the competency-attainment services.   The state contended that J.F. had failed to participate in the services because he had only attended half of the scheduled attainment sessions.

{¶10}  The trial court overruled the state's objection, adopted the magistrate's decisions, and entered judgments dismissing the charges against J.F.

### *Final, Appealable Orders*

{¶11}  Before considering the merits of these appeals, we must address a procedural matter.  After briefing in this case was concluded, J.F. filed a motion to dismiss the state's appeals for lack of final, appealable orders.  Citing *In re A.E.*, 10th Dist. Franklin No. 08AP-59, 2008-Ohio-4552, J.F. argues that the entries appealed from are not final and appealable because the charges against J.F. had been dismissed without prejudice, leaving the state free to refile the same delinquency complaints.  J.F.'s argument is without merit.

{¶12} The state appealed the trial court's entries pursuant to R.C. 2945.67(A), which provides that "[a] prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information * * *." In *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, syllabus, the Supreme Court of Ohio held that "[p]ursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice." So the fact that the charges were dismissed without prejudice has no effect on the finality of the orders pursuant to R.C. 2945.67(A).

{¶13} J.F.'s reliance on *In re A.E.* is misplaced. In that case, the court first recognized that the charge against the juvenile involved allegations of unruliness, not delinquency. Thus, R.C. 2945.67(A) did not apply, and the state did not have a guaranteed right to appeal. The court then examined the appealability of the dismissal of the unruliness charge under an analysis not applicable here. In the present case, the clear and unambiguous language of R.C. 2945.67(A) and the clear holding of *Craig* are dispositive as to the delinquency dismissals.

{¶14} But one of the entries that the state has appealed from is not a final order, albeit for a different reason than argued by J.F. R.C. 2945.67(A) provides that the state may appeal, as a matter of right, the decision of a juvenile court in a delinquency case. Here, in the appeals numbered C-160719, C-160720, C-160721 and C-160723, the state has appealed from entries dismissing charges alleging that J.F. was delinquent for committing acts that, if committed by an adult, would have constituted the offenses of theft, criminal damaging, possession of criminal tools,

and domestic violence. Because these entries are by the juvenile court in delinquency cases, they are final orders pursuant to R.C. 2945.67(A).

{¶15} But in the appeal numbered C-160722, the state has appealed from an entry dismissing a complaint alleging that J.F. was an unruly child. Thus, the state had no appeal as of right under R.C. 2945.67(A). *In re A.E.*, 10th Dist. Franklin No. 08AP-59, 2008-Ohio-4552, at ¶ 15.

{¶16} We accordingly grant J.F.'s motion to dismiss the appeal numbered C-160722. The motion is overruled with respect to the remaining appeals.

### R.C. 2152.59

{¶17} In one assignment of error, the state argues that the trial court erred when it refused to toll the time allowed for competency attainment. The state specifically contends that the time allowed by R.C. 2152.59 for attainment services should be tolled for the amount of time that J.F. failed to participate in the services.

{¶18} The interpretation of a statute is a matter of law that we review de novo. *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 2013-Ohio-4147, 998 N.E.2d 517, ¶ 20 (1st Dist.). When interpreting a statute, we must first look to the language of the statute itself. *Id.* Where "the language of a statute is plain and unambiguous and conveys a clear and definite meaning[,] there is no occasion for resorting to rules of statutory interpretation." *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 8, quoting *Sears v. Weimer,* 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus.

{¶19} Pursuant to R.C. 2152.59, after a competency hearing is held, a court may make one of three determinations concerning the juvenile that was the subject of the hearing. The court may find that the juvenile is competent; it may find that

the juvenile is not competent and not able to attain competency within a certain period of time; or it may find that the juvenile is not competent, but is likely to attain competency by participating in services designed for that purpose. R.C. 2152.59. In this case, the magistrate determined that J.F. fell into this latter category.

{¶20} Upon a determination that a juvenile is not competent, but is likely to attain competency by participating in services, R.C. 2152.59(C) provides that a court "may order the child to participate in services specifically designed to help the child develop competency at county expense." When a juvenile is ordered to participate in such services, the court must approve a competency-attainment plan. R.C. 2152.59(D). The juvenile shall receive attainment services in the least restrictive setting possible, for a period of time specified by statute. *Id.* The statute provides in relevant part:

> (2) No child shall be required to participate in competency attainment services for longer than is required for the child to attain competency. The following maximum periods of participation apply:
>
> (a) If a child is ordered to participate in competency attainment services that are provided outside of a residential setting, the child shall not participate in those services for a period exceeding three months if the child is charged with an act that would be a misdemeanor if committed by an adult, six months if the child is charged with an act that would be a felony of the third, fourth, or fifth degree if committed by an adult, or one year if the child is charged with an act that would be a felony of the first or second degree, aggravated murder, or murder if committed by an adult.

R.C. 2152.59(D)(2)(a).

{¶21}  Because J.F. was charged with offenses that would be misdemeanors if committed by an adult, and because he was ordered to participate in services provided outside of a residential setting, he could only be required to participate in competency-attainment services for a period of three months.  R.C. 2152.59(D)(2)(a). This three-month period began to run on the date that the court approved the competency-attainment plan, April 7, 2016.  R.C. 2152.59(D).  Consequently, J.F. could only be required to participate in services until July 7, 2016, and had to achieve competency within that time period in order to be prosecuted.

{¶22}  R.C. 2152.59 does not provide for a tolling of this time period based on a juvenile's failure to participate in services.  The statute does, however, provide a mechanism for handling a juvenile's failure to participate.  R.C. 2152.59(F) requires the provider of the competency services to submit reports to the court on a specified schedule, which it did in this case.  With respect to these reports, the statute provides that:

> If the provider determines that the child is not cooperating to a degree that would allow the services to be effective to help the child attain competency, [it shall issue] a report informing the court of the determination within three business days after making the determination; [and]
>
> If the provider determines that the current setting is no longer the least restrictive setting that is consistent with the child's ability to attain competency and the safety of both the child and the community,

[it shall issue] a report informing the court of the determination within three business days after making the determination[.]

R.C. 2152.59(F)(2) and (3).

{¶23} After receiving a report pursuant to R.C. 2152.59(F), the court may hold a hearing within 15 days to determine if a new order is necessary. R.C. 2152.59(H)(1). If, after this hearing, "the court determines that the child is not making progress toward competency or is so uncooperative that attainment services cannot be effective, the court may order a change in setting or services that would help the child attain competency within the relevant period of time." R.C. 2152.59(H)(2).

{¶24} Rather than tolling the time allowed for competency attainment due to a juvenile's lack of participation, R.C. 2152.59 provides, in clear and unambiguous language, that the remedy for such behavior is to place the juvenile in a more appropriate setting to receive services.

{¶25} The record indicates that the magistrate considered doing exactly that after J.F. failed to attend attainment sessions for a period of time. In several reports, the attainment-services provider recommended that the court consider requiring services to be provided in a more restrictive setting. And in its order dated June 20, 2016, the magistrate provided that J.F. would be taken into custody and held for completion of attainment if he failed to attend the next attainment session. J.F. ultimately attended the next session, and the magistrate did not order him to a more restrictive setting. In fact, the magistrate found that he continued to make progress.

{¶26} The state cites *In re Eddie O.*, 227 Ariz. 99, 253 P.3d 296 (App.2011), in support of its argument that the attainment period should be tolled. *Eddie O.* also

9

involved a juvenile who had been found incompetent, but potentially restorable. *Id.* at ¶ 2. The juvenile was ultimately not restored to competency within the allowable time period, and the charges against him were dismissed. The state appealed, arguing that the time allowed to restore the juvenile to competency should be tolled because of Eddie's bad faith failure to participate in the restoration services. *Id.* The *Eddie O.* court noted that the applicable Arizona statute "does not expressly provide for the consideration of the juvenile's conduct in absconding, but it is also true that the plain language does not expressly preclude it." *Id.* at ¶ 9. The court determined that the statutory scheme contemplated that a juvenile would participate in good faith in the restoration proceedings, and it held that "any time periods for which the State is able to prove the juvenile did not in good faith participate in the restorative process may be excluded from the statutory limit * * *." *Id.* at ¶ 14.

{¶27} Unlike the juvenile in *Eddie O.*, J.F. did not abscond, but instead missed approximately half of his scheduled attainment sessions. And in this case, the magistrate continuously found that J.F. was making progress despite his missed sessions. R.C. 2152.59(D)(2) clearly and unambiguously provides that a juvenile may not be required to participate in attainment services for longer than the statutorily specified maximum period of time. And R.C. 2152.59 specifically contemplates a juvenile's failure to participate in attainment services and addresses how to proceed in such a situation. Because the plain language of R.C. 2152.59 provides that the court may place a juvenile who fails to participate in attainment services in a more appropriate setting to receive services, we will not resort to statutory interpretation to determine that the allowable period for competency attainment may be tolled. *See Jacobson*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, at ¶ 8.

{¶28}  The trial court did not err in failing to toll the period of time allowed for competency attainment.  The state's assignment of error is overruled.

{¶29}  The state's appeal in the case numbered C-160722 is dismissed, and the judgments of the trial court are otherwise affirmed.

Judgment accordingly.

ZAYAS, P.J., and DETERS, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.