[Cite as *In re C.B.*, 2019-Ohio-2890.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: C.B. | : | APPEAL NOS. C-180054 |
| | | C-180055 |
| | : | TRIAL NOS. 17-1890z |
| | | 17-2166z |
| | : | |
| | : | *O P I N I O N.* |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: July 17, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Soumyajit Dutta*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1} In a case of first impression, we conclude that the deadlines for completing competency-attainment services found in R.C. 2152.59(D)(2)(a) may be extended by agreement of the parties. For this reason, we affirm the judgments of the trial court.

### Competency Determination Continued by Agreement

{¶2} C.B. was accused of being delinquent for committing acts that would have been misdemeanors if C.B. had been an adult at the time of their commission. There was a subsequent suggestion that C.B. was not competent to stand trial. On May 15, 2017, the trial court ordered that measures be taken to restore C.B. to competency. Pursuant to R.C. 2152.59(D)(2)(a), the trial court had three months to restore C.B. to competency.

{¶3} Four days before the deadline expired, the parties appeared before the trial court. Counsel for C.B. and C.B.'s guardian ad litem both agreed that extending the deadline was appropriate in order to attempt to restore C.B.'s competence while avoiding having the trial court order C.B. into custody to facilitate restoration. The issue seemed to be with getting C.B. to the sessions. In order to allow time to do this, counsel agreed to extending the time, while the guardian ad litem assured the court that C.B.'s father would get C.B. to the next session. On September 7, 2017, C.B. was found competent to stand trial. Counsel for C.B. then filed a motion to dismiss the complaints, arguing that competency had not been obtained by the original deadline. Counsel filed the motion, citing this court's decision addressing the issue, which had been released on September 20. *See In re J.F.*, 2017-Ohio-7675, 97 N.E.3d 999 (1st Dist.). The magistrate agreed that *In re J.F.* was dispositive and issued an order dismissing the complaints. The state objected, and the trial court overruled the decision of the magistrate. C.B. now appeals.

**The Parties Can Agree to Extend
the Deadline**

{¶4}     In one assignment of error, C.B. argues that the trial court erred when it overruled the decision of the magistrate.  C.B. argues that the three-month deadline found in R.C. 2152.59(D)(2)(a) is mandatory, and therefore, when the trial court found C.B. competent outside that deadline, it erred.  C.B. claims that our decision in *In re J.F.* is dispositive on that issue.  In that case, the state had argued that the time for restoring competence should be tolled during periods in which the juvenile refused to cooperate with the restoration plan.  *Id.*  This court determined that "R.C. 2152.59 does not provide for a tolling of this time period based on a juvenile's failure to participate in services."  *Id.* at ¶ 22.  The court further noted that the statute provided a specific remedy for noncompliance, including "a change in setting or services that would help the child attain competency."  *Id.* at ¶ 23, citing R.C. 2152.59(H)(2).

{¶5}     In her brief, C.B. argued that "the 1st District adopted a plain-language reading of the statute and noted that 'R.C. 2152.59(D)(2) clearly and unambiguously provides that a juvenile may not participate in attainment longer than the statutorily specified maximum period of time.' "  *See id.* at ¶ 27.  But the court actually said that "R.C. 2152.59(D)(2) clearly and unambiguously provides that a juvenile *may not be required to participate* in attainment services for longer than the statutorily specified maximum period of time."  (Emphasis added.)  *Id.*  This language parallels the language in the statute, which states that "No child *shall be required to participate* in competency attainment services for longer than is required for the child to attain competency."  (Emphasis added.)  R.C. 2152.59(D)(2).

{¶6}     C.B. emphasizes the language in R.C. 2152.59(D)(2)(a), which seems to make the periods mandatory and unalterable.  Read in conjunction with R.C. 2152.59(D)(2), the provisions provide that:

(2) No child *shall be required to participate* in competency attainment services for longer than is required for the child to attain competency. The following maximum periods of participation apply:

(a) If a child is ordered to participate in competency attainment services that are provided outside of a residential setting, *the child shall not participate* in those services for a period exceeding three months if the child is charged with an act that would be a misdemeanor if committed by an adult * * *.

(Emphasis added.)

{¶7}     The purpose of R.C. 2152.59(D)(2)(a) is to set forth the time frames for competency restoration for misdemeanors and the different classes of felonies. While the language in the subsection does not mirror the language in R.C. 2152.59(D)(2), a reading of the two that allows the juvenile to agree to extend the timeframe would better comply with the overriding purpose of the delinquency statutes, which is "to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender." R.C. 2152.01(A).  In this case, not allowing the parties to agree to the extension of time could have required the trial court to issue a new restoration plan order pursuant to R.C. 2152.59(H)(1)—essentially starting the process anew—and/or order C.B. into a more restricted, residential facility.

{¶8}     According to the language of R.C. 2152.59(D)(2), "no child shall be required to participate in competency attainment serviced for longer than is required

for the child to attain competency." When the parties agree to extend the timeframe, the child is not being "required" to participate in the services. Foreclosing that opportunity leaves the parties unable to negotiate a solution best suited for the child, frustrates the purposes of the statute, and subjects the child to possibly needlessly restrictive treatment. Additionally, such a reading would alternately force trial courts to needlessly dismiss the actions, which would simply serve to prolong the process further as such dismissals are without prejudice, allowing the state to immediately refile. *See* R.C. 2152.59(H)(3)-(4).

{¶9} While we have found no cases in Ohio that have addressed this issue, the better reading of the statute is to allow the juvenile to agree to extend the deadline. It is a reading that follows the language of the statute, and our decision in *In re J.F.* does not compel a contrary result. *In re J.F.* stands for the proposition that "R.C. 2152.59 does not provide for a tolling of the [competency time frame] based on a juvenile's failure to participate in services." *In re J.F.*, 2017-Ohio-7675, 97 N.E.3d 999, at ¶ 22. In that case, this court was not faced with a situation in which all parties had agreed to the extension of time. Like the statutory right to a speedy trial in adult court, a juvenile may waive the right to the timely resolution of a matter when it is in his or her best interest to do so. *See State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 18, citing *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994), syllabus. There is no argument, and no evidence in the record, that the extension of the deadline was not in C.B.'s best interest. The record demonstrates that C.B.—through his counsel and guardian ad litem—made the knowing, voluntary, and intelligent decision to agree to the extension. And the statute at issue does not preclude such an agreement.

{¶10}    We conclude that the trial court properly overruled the decision of the magistrate.   We therefore overrule C.B.'s sole assignment of error and affirm the judgments of the trial court.

Judgments affirmed.

**ZAYAS** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

