[Cite as *Shields v. McCloud*, 2026-Ohio-942.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL R. SHIELDS,                    :

    Plaintiff-Appellant,           :

                                            No. 115499

    v.                             :

STEPHANIE MCCLOUD,                     :
ADMINISTRATOR, OHIO BUREAU
OF WORKERS' COMPENSATION,              :
ET AL.

                                             :

    Defendants-Appellees.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931460

---

### *Appearances:*

Grubb & Associates, LPA, Natalie F. Grubb, and Mark E. Owens, *for appellant*.

Janet E. Burney, General Counsel-Deputy General Manager for Legal Affairs; Keith A. Ganther, Senior Counsel-Litigation; Anna Hlavacs, Senior Counsel, Contracts, Real Estate & Administrative Law; and Brian R. Gutkoski, Associate Counsel II, *for appellee* Greater Cleveland Regional Transit Authority.

Dave Yost, Ohio Attorney General, and Christopher A. Gray, Assistant Attorney General, *for appellee* Ohio Bureau of Workers' Compensation.

TIMOTHY W. CLARY, J.:

{¶ 1} Plaintiff-appellant Michael R. Shields ("Shields") appeals from the trial court's journal entry awarding him $4,200 in statutory attorney fees. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} The underlying case began in 2015, when Shields suffered a left-shoulder injury while working as a mechanic for defendant-appellee Greater Cleveland Regional Transit Authority ("RTA"). Defendant-appellee Ohio Bureau of Workers' Compensation ("bureau") allowed Shields's claim for left-shoulder strain. In 2017, Shields sought a workers' compensation benefit for a flow-through injury to his right shoulder, but the bureau denied his claim.

{¶ 3} In February 2018, Shields filed a complaint seeking a right to participate in the Ohio workers' compensation fund for his right-shoulder injury. In May 2022, a jury returned a verdict in favor of Shields and found that he was entitled to a workers' compensation benefit for that injury.

{¶ 4} The RTA appealed from that jury verdict, and this court affirmed the verdict in April 2023. *Shields v. Bur. of Workers' Comp.*, 2023-Ohio-1368 (8th Dist.) ("*Shields I*").

{¶ 5} On May 8, 2023, Shields filed with this court a motion for appellate attorney fees and costs in the amount of $26,221, or in the alternative, for remand to the trial court for a determination of an award of appellate-attorney fees and costs.

On May 18, 2023, RTA filed a brief in opposition to Shields's motion, arguing that Shields's motion for appellate-attorney fees was untimely. On May 25, 2023, Shields filed a reply brief in support of his motion, countering that his motion was an "independent, non-statutory request for appellate attorney fees pursuant to controlling Supreme Court of Ohio precedent."

{¶ 6} On June 26, 2023, this court remanded the case for a determination of fees and costs, stating in relevant part:

> Pursuant to R.C. 4123.512(F), the trial court awarded Shields a portion of his attorney fees incurred at the trial court level. GCRTA filed an appeal to this court. Where Shields prevailed on the appeal to this court, he should be permitted to recover his appellate attorney fees. The case is remanded to the trial court for determination of the amount of attorney fees to be awarded to Shields.[1]

{¶ 7} Upon remand and reactivation of the trial court docket, on June 30, 2023, Shields filed a "post-trial motion for statutory attorney fees pursuant to R.C. 4123.512(F) and request for consolidated hearing with determination of appellate attorney fees pursuant to remand order." On July 7, 2023, RTA filed a brief in opposition to Shields's motion. On July 11, 2023, Shields filed a reply brief in support of his motion. On July 13, 2023, the bureau filed a response to Shields's motion.

---

[1] Upon filing of a motion for reconsideration by RTA, this court subsequently issued a journal entry correcting an inaccuracy and stating, "[T]he trial court awarded Shields a portion of his court costs rather than his attorney fees. The misstatement did not impact this court's decision to remand the case to the trial court for determination of the amount of attorney fees to be awarded to Shields. The June 26, 2023 order did not contain legal errors. GCRTA's motion for reconsideration is denied."

{¶ 8} On August 10, 2023, RTA appealed this court's decision in *Shields I* to the Ohio Supreme Court. On December 21, 2024, the Ohio Supreme Court affirmed this court's decision in *Shields I*. *Shields v. Bur. of Workers' Comp.*, 2024-Ohio-5743 ("*Shields II*"). The Ohio Supreme Court rejected RTA's propositions of law and held that (1) R.C. 4123.512(F) does not require a party to seek attorney fees before the issuance of a final, appealable order; (2) attorney fees can be requested at any reasonable time; and (3) the issue of whether the law allows an award of appellate-attorney fees above the cap set by R.C. 4123.512(F) was not ripe because no attorney fees had been awarded at the time the Supreme Court issued its decision.[2] *Shields II* at ¶ 9-10, 13.

{¶ 9} Following the Supreme Court's decision in *Shields II*, on February 21, 2025, Shields filed an "amended brief in support of [his] post-trial motion for statutory attorney fees pursuant to R.C. 4123.512(F) and for determination of appellate attorney fees pursuant to remand order." On March 24, 2025, the bureau and RTA each filed briefs in response to Shields's amended brief. On March 31, 2025, Shields filed reply briefs in support of his post-trial motion.

{¶ 10} On August 4, 2025, the trial court granted Shields's post-trial motion in part, issuing a journal entry stating, in relevant part:

On 06/26/2023 the appellate court remanded plaintiff's motion for determination of the amount of attorney fees to be awarded to plaintiff. Plaintiff then filed the current motion at issue on 06/30/2023. On

---

[2] The Court went on to state: "Without defining 'reasonable' in this context, we are confident that the request for appellate-attorney fees filed on May 8, 2023, ten days after the issuance of the court of appeals' decision, was filed within a reasonable time." *Shields II* at ¶ 10.

08/10/2023 defendant [RTA] filed an appeal of the appellate court's 04/27/2023 judgment to the Ohio Supreme Court. Pursuant to prior court order, dated 08/28/2023, a ruling on plaintiff's post-trial motion for statutory attorney fees was held in abeyance during the pendency of the appeal. On 12/23/2024 the Supreme Court of Ohio affirmed the judgment of the court of appeals and remanded the matter. A pretrial was held on 01/22/2025 where the parties agreed to an amended briefing schedule on plaintiff's motion for attorney fees. The court has taken into consideration the record of this matter including but not limited to the underlying trial, plaintiff's motion, defendants' responses thereto, all appellate rulings and all amended briefs. Plaintiff's counsel's invoices and affidavits were properly submitted as attachments. It is hereby ordered, adjudged and decreed that pursuant to the applicable version of R.C. 4123.512(F) in effect during the date of plaintiff's injury, plaintiff, as a prevailing party, is entitled to an award of statutory attorney fees including a determination of appellate attorney fees of $4,200.00.

{¶ 11} On August 4, 2025, Shields filed a motion for clarification of the court's journal entry. On August 27, 2025, the trial court granted Shields's motion for clarification and issued the following journal entry as clarification, stating, in relevant part:

The court determines that plaintiff's attorney fees, which include fees for services at both the Eighth District Court of Appeals and the Ohio Supreme Court, are bound by the statutory cap in R.C. 4123.512(F). Plaintiff's attorney fees far exceed the statutory cap. It is hereby ordered, adjudged and decreed that pursuant to the applicable version of R.C. 4123.512(F) in effect during the date of plaintiff's injury, plaintiff, as a prevailing party, is entitled to an award of statutory attorney fees of $4,200.00.

{¶ 12} Shields appealed. He now raises three assignments of error for our review:

I. The trial court erred in finding contrary to this court's remand order that appellate attorney fees are awarded pursuant to R.C. 4123.512(F) instead of Appellate Rule 24.

II. The trial court erred in finding contrary to this court's remand order that appellant's attorney fees incurred during appellate review are statutorily limited by the fee cap in R.C. 4123.512(F).

III. The trial court erred in awarding no appellate attorney fees despite this court's and the Supreme Court's remand and mandate.

**Law and Analysis**

**I. App.R. 24**

{¶ 13} Generally, a trial court's ruling on a motion for attorney fees pursuant to R.C. 4123.512F(F) is reviewed for an abuse of discretion. *Hairston v. Baltimore Ravens, Inc.*, 2008-Ohio-5341, ¶ 19 (8th Dist.), citing *Hansford v. Midwest Staff Solutions*, 2006-Ohio-5581 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983). When an appeal presents this court with a question of law, however, we review an award of attorney fees de novo. *Roberts v. Mike's Trucking, Ltd.*, 2014-Ohio-766, ¶ 45 (12th Dist.) ("We review de novo the trial court's legal analysis underpinning the award of attorney's fees but otherwise review the fee for an abuse of discretion.").

{¶ 14} We begin with an acknowledgement that no party currently disputes the fact that Shields is entitled to an award of appellate-attorney fees. The parties disagree as to what mechanism authorizes such an award, and consequently, they disagree as to whether the fee award is subject to a statutory cap.

{¶ 15} Shields's first assignment of error argues that the trial court erred in awarding him attorney fees pursuant to R.C. 4123.512(F) rather than App.R. 24; according to Shields, the trial court's award violated this court's remand order.

{¶ 16} Under the American Rule, a prevailing party in a civil action is generally not entitled to recover attorney fees as a part of the costs of litigation absent a finding that the losing party acted in bad faith, or the statute or contract at issue provides for attorney fees. *Dornette v. Green Bldg. Consulting LLC*, 2025-Ohio-4944, ¶ 29 (1st Dist.), citing *Kellard v. Cincinnati*, 2021-Ohio-1420, ¶ 37.

{¶ 17} Ohio courts have upheld awards of appellate-attorney fees where a statute permitted an award of attorney fees, even where the statute did not expressly authorize recovery of appellate-attorney fees. *Cruz v. English Nanny & Governess School*, 2022-Ohio-3586, ¶ 49, citing *Royster v. Toyota Motor Sales, U.S.A., Inc.*, 92 Ohio St.3d 327, 332 (2001) (Ohio's Lemon Law, R.C. 1345.75, permits prevailing consumers to recover "reasonable attorney fees."); *Klein v. Moutz*, 2008-Ohio-2329, ¶ 13 (R.C. 5321.16(C) states that prevailing tenants may recover "reasonable attorney fees."). Likewise, "[w]hen parties are awarded punitive damages at trial, they may also recover reasonable attorney fees that they incur successfully defending their judgments on appeal." *Id*. at ¶ 51.

{¶ 18} Here, R.C. 4123.512(F) permits recovery of attorney fees in workers' compensation cases:

> The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon

the final determination of an appeal, shall be taxed against the employer or the commission if the commission or administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed five thousand dollars.

{¶ 19} Although appellate-attorney fees are not explicitly referenced in R.C. 4123.512(F), a plain reading of the statute — and the Ohio Supreme Court's decision in *Shields II* — supports a conclusion that the statute authorizes an award of appellate-attorney fees to a claimant.[3]

{¶ 20} Shields simultaneously argues that R.C. 4123.512(F) creates a duty to award attorney fees and that the appellate-attorney fees he is requesting in this case are pursuant to App.R. 24. App.R. 24 provides, in relevant part:

(A) Except as otherwise provided by law or as the court may order, the party liable for costs is as follows:

. . .

(2) If the judgment is affirmed, the appellant.

. . .

(B) As used in this rule, "costs" means an expense incurred in the preparation of the record including the transcript of proceedings, fees allowed by law, and the fee for filing the appeal. It does not mean the expense of printing or copying a brief or an appendix.

{¶ 21} In accordance with App.R. 24, our opinion in *Shields I* ordered that Shields recover from RTA "costs herein taxed." *Shields I* at ¶ 48. We reiterate that

---

[3] Pursuant to the statutory workers' compensation scheme, decisions of the Industrial Commission are appealed to courts of common pleas. *Cunningham v. Goodyear Tire & Rubber Co.*, 104 Ohio App.3d 385, 394 (9th Dist. June 7, 1995). While Ohio courts have concluded that "the 'final determination of an appeal' referred to in Section 4123.512(F) is the appeal from the industrial commission's decision to the court of common pleas[,]" this interpretation does not operate to limit the award of attorney fees accordingly. *Id.* at 395.

Ohio follows the American Rule, which provides that "a prevailing party in a civil action may not recover its attorney fees *as part of the 'costs of litigation'* unless a specific exception to the rule applies." (Emphasis added.) *Rayco Mfg. v. Murphy, Rogers, Sloss & Gambel*, 2019-Ohio-3756, ¶ 5 (8th Dist.), quoting *Wilborn v. Bank One Corp.*, 2009-Ohio-306, ¶ 7. Thus, to the extent that appellate-attorney fees are appropriate here under App.R. 24 — as this court and the Ohio Supreme Court have determined — they are appropriate pursuant to the terms of R.C. 4123.512(F). App.R. 24 does not independently create an exception to the American Rule.

{¶ 22} For these reasons, Shields's first assignment of error is overruled.

**II. The Statutory Cap**

{¶ 23} In Shields's second assignment of error, he argues that the trial court erred in finding contrary to this court's remand order that his attorney fees incurred during appellate review are statutorily limited by the fee cap in R.C. 4123.512(F). Shields asserts that the statutory cap applies only to "any legal proceedings authorized by this section," which, according to Shields, does not extend to an employer's appeal to the court of appeals.

{¶ 24} We begin by noting that our remand order did not explicitly or implicitly refer to the statutory cap. This court merely stated that because Shields "prevailed on the appeal to this court, he should be permitted to recover his appellate attorney fees." Thus, to the extent that Shields argues that the trial court's application of the statutory cap violated our remand order, we find his argument unpersuasive.

{¶ 25} With respect to Shields's argument that the statutory cap does not or should not apply to his appellate-attorney fees, we are likewise unpersuaded. Shields argues that R.C. 4123.512 is a remedial statute and, moreover, the Ohio Supreme Court has consistently held that "the workers' compensation 'statute was intended to provide a speedy and inexpensive remedy . . . and should be liberally construed in favor of employees.'" *Shields II* at ¶ 8, quoting *Indus. Comm. v. Weigandt*, 102 Ohio St. 1 (1921), syllabus; *Georgejakakis v. Wheeling Steel Corp.*, 151 Ohio St. 458, 461 (1949) ("[T]he Workmen's Compensation Act is to be liberally construed in favor of an injured employee."); *Wells v. Chrysler Corp.*, 15 Ohio St.3d 21, 23 (1984) (The statutory scheme "requires liberal construction of workers' compensation statutes in favor of employees."); *State ex rel. Ohio Presbyterian Retirement Servs., Inc. v. Indus. Comm.*, 2017-Ohio-7577, ¶ 20 ("[W]e are mindful of the General Assembly's mandate that the workers' compensation laws be liberally construed in favor of employees.").

{¶ 26} We agree with Shields and the Ohio Supreme Court that the statute must be liberally construed. Here, however, the aspect of the statute at issue clearly states that the "attorney's fee shall not exceed [$4,200] dollars."[4]

{¶ 27} "'Unambiguous statutes are to be applied according to the plain meaning of the words used, and courts are not free to * * * insert other words.'" *Stewart v. Vivian*, 2017-Ohio-7526, ¶ 29, quoting *State ex rel. Burrows v. Indus.*

---

[4] The current version of the statute includes a $5,000 cap. A prior version of the statute that was in effect on the date of Shields's injury included a $4,200 cap; therefore, the trial court applied the prior version of the statute.

*Comm.*, 78 Ohio St.3d 78, 81 (1997). Because the statutory cap in R.C. 4123.512(F) is unambiguous, "it 'is to be applied, not interpreted.'" *Id.*, quoting *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. "'We 'do not have the authority' to dig deeper than the plain meaning of an unambiguous statute 'under the guise of either statutory interpretation or liberal construction.'" *Id.*, quoting *Jacobson v. Kaforey*, 2016-Ohio-8434, ¶ 8, quoting *Morgan v. Adult Parole Auth.*, 68 Ohio St.3d 344, 347 (1994).

{¶ 28} Shields cites to multiple cases in which the Ohio Supreme Court has affirmed awards of appellate-attorney fees. In *Cruz v. English Nanny & Governess Sch.*, 2022-Ohio-3586, the Court held that a plaintiff could recover reasonable attorney fees that they incurred successfully defending their judgments on appeal and, moreover, this was consistent with the punitive-damages exception to the American Rule and a lodestar calculation to determine attorney fees was appropriate. In *Klein v. Moutz*, 2008-Ohio-2329, the Court held that a tenant was entitled to reasonable attorney fees, including appellate-attorney fees, related to their action to recover a security deposit under R.C. 5321.16, and nothing in that statute limited the assessment of reasonable attorney fees.

{¶ 29} Both *Klein* and *Cruz* deal with "reasonable" attorney fees, and unlike the instant case, neither involved a statutory cap. If R.C. 4123.512(F) contained ambiguous or inexact language referring to attorney fees, this court could perhaps rely on the rationales in *Klein* and *Cruz*. Here, however, the statute contains an

unambiguous statutory fee cap and even the most liberal interpretation of the statute does not permit an award of attorney fees beyond the statutory cap.

{¶ 30} While we are cognizant of the practical and equitable arguments Shields presents, because the statute is unambiguous, such arguments are not relevant to our analysis. *Stewart v. Vivian*, 2017-Ohio-7526, ¶ 30, quoting *Jacobson v. Kaforey*, 2016-Ohio-8434, ¶ 8 (Inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other facts is inappropriate when analyzing an unambiguous statute.).

{¶ 31} For these reasons, Shields's second assignment of error is overruled.

**III. Appellate-Attorney Fees**

{¶ 32} In Shields's third assignment of error, he argues that the trial court erred in awarding no appellate attorney fees despite the remand orders from this court and the Ohio Supreme Court.

{¶ 33} Here, on remand, the trial court awarded Shields attorney fees in the amount of $4,200, pursuant to the cap in R.C. 4123.512(F). The trial court was clear that this award was inclusive of services related to Shields's defense of the RTA's appeal to this court. The practical fact that the attorney fees actually incurred by Shields far exceed the statutory cap does not mean that the trial court failed to award appellate-attorney fees in accordance with the decisions in *Shields I* and *Shields II*. Therefore, Shields's third assignment of error is overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

MICHAEL JOHN RYAN, P.J., and
SEAN C. GALLAGHER, J., CONCUR