THE STATE OF OHIO, APPELLANT, *v.* BROWN, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* SHIPLEY, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* MCCLOUDE, APPELLEE.

[Cite as *State v. Brown*, 142 Ohio St.3d 92, 2015-Ohio-486.]

(Nos. 2013–1110, 2013–1111, and 2013–1112—Submitted
June 10, 2014—Decided February 18, 2015.)

O'NEILL, J.

{¶ 1} In these three cases, we are asked to determine whether probate judges have the authority to issue search warrants on criminal matters. We hold that they do not. Unless a probate judge has been assigned by the chief justice pursuant to Article IV, Section 5(A)(3) of the Ohio Constitution to temporarily sit or hold court in another division of a court of common pleas a probate judge does not have the authority to hear evidence and issue search warrants in criminal matters.

{¶ 2} These cases arise out of the same set of facts and raise the identical issue, so we consolidated the cases for oral argument, and we now consolidate the cases for decision.

### Facts and Procedural History

{¶ 3} There is no dispute among the parties regarding the facts underlying these cases. In February 2012, a detective with the Alliance Police Department obtained a search warrant from a judge of the Stark County Court of Common Pleas, Probate Division. The warrant gave law enforcement permission to search a business in Alliance for evidence of illegal gambling. Pursuant to that warrant, more than 30 video slot machines were confiscated, giving rise to charges filed against defendants-appellees, Todd Brown (case No. 2013–1110), Jeff Shipley (case No. 2013–1111), and Raymond McCloude (case No. 2013–1112), who were operating the business.

{¶ 4} Appellees filed motions to suppress the evidence obtained during the search, arguing that the search warrant was void because probate judges do not

have the statutory authority under R.C. 2933.21 to issue a criminal search warrant. As a result, appellees asserted, the evidence seized during the search was the fruit of an unconstitutional search under the Fourth Amendment.

{¶ 5} The cases were all pending before the same municipal court judge, and the cases were consolidated for purposes of the hearing on the motions to suppress. The trial court agreed that the warrant was unlawful and granted the motions to suppress the evidence gathered pursuant to the tainted warrant.

{¶ 6} The state filed an appeal in each case, and the Fifth District Court of Appeals affirmed the trial court judgments as to a probate judge's lack of authority to issue a search warrant. However, the appellate court reversed the judgments granting the motions to suppress the evidence, finding that the state had established that the police officers had acted in good-faith reliance on the warrant under *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The state appealed the judgment in each case to this court, asserting a single proposition of law in each: "A 'probate judge' has the authority as a division of the Ohio Court of Common Pleas to hear evidence and issue search warrants on criminal matters within [his or her] territorial jurisdiction."

### The Unlawful Warrant

{¶ 7} Because this case involves only a question of law, our review is de novo. *In re J.V.,* 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 3.

{¶ 8} R.C. 2933.21 states, "A judge of a court of record may, within his jurisdiction, issue warrants to search a house or place * * *." Crim.R. 41(A)(1) states, "A search warrant authorized by this rule may be issued by a judge of a court of record to search and seize property located within the court's territorial jurisdiction." And R.C. 2931.01 provides, "As used in Chapters 2931 to 2953 of the Revised Code: * * * (B) 'Judge' does not include the probate judge [and] (C) 'Court' does not include the probate court." Plainly, pursuant to the Ohio Revised Code, a probate judge does not have the authority to issue a search warrant in a criminal case.

{¶ 9} This court recognized an exception to the statute in cases where the chief justice, pursuant to Article IV, Section 5(A)(3) of the Ohio Constitution, assigns a probate judge to temporarily sit or hold court on any other division of a court of common pleas. *State v. Cotton,* 56 Ohio St.2d 8, 12–13, 381 N.E.2d 190 (1978). However, no such assignment was made in these cases. Accordingly, the exception does not apply.

{¶ 10} The state admits that the plain language of R.C. 2931.01 excludes probate judges from the definition of "judge" for purposes of R.C. Chapters 2931 to 2953. The state suggests that this statute was "missed or improperly re-codified" when the Modern Courts Amendment to the Ohio Constitution was

adopted by voters. The amendment made the probate court a division of the common pleas court. The state's supposition may be true; however, more than 45 years have passed since the 1968 Modern Courts Amendment. Even in legislative time, 45 years is long enough to correct an error. Moreover, unless the court first makes a determination that the language of the statute is capable of more than one meaning, it is inappropriate to examine legislative history, legislative intent, public policy, or any other factors to determine the meaning of a statute. *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 16. The language of the statute is plain and unambiguous. Thus, we decline to ignore the plain language of the statute to embrace the state's supposition. We hold that unless appointed by the chief justice pursuant to Article IV, Section 5(A)(3) of the Ohio Constitution, a probate judge does not have the authority to issue search warrants in criminal matters.

### Exclusion of the Evidence Obtained in Executing an Unlawful Search Warrant

{¶ 11} We agree with the Fifth District that the good-faith exception to the exclusionary rule set forth in *Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, applies in these cases. Although no party appealed from this portion of the Fifth District's judgments, we address it here for clarity.

{¶ 12} The exclusionary rule is a judicially created sanction designed to protect Fourth Amendment rights through its deterrent effect. *Id.* at 906. Under the rule, the state is precluded from using evidence obtained in violation of the Fourth Amendment. But unbending application of the exclusionary rule " 'would impede unacceptably the truth-finding functions of judge and jury.' " *Id.* at 907, quoting *United States v. Payner*, 447 U.S. 727, 734, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980). "[W]hen law enforcement officers have acted in objective good faith or their transgressions have been minor, the magnitude of the benefit conferred on such guilty defendants offends basic concepts of the criminal justice system." *Id.* at 908. For this reason, the Supreme Court of the United States determined that the exclusionary rule should not be applied to bar evidence obtained by officers acting in reasonable good-faith reliance on a search warrant issued by a detached and neutral magistrate that is ultimately found to be unlawful. *Id.* at 905–925. Accordingly the court of appeals' rulings that the evidence would not be suppressed, which were not appealed from, remain the law of the cases.

{¶ 13} The judgments of the appellate court holding that probate judges do not have authority to issue search warrants on criminal matters are affirmed, and the

matters are remanded to the trial court for further proceedings consistent with this opinion.

Judgments affirmed
and causes remanded.

O'CONNOR, C.J., and PFEIFER and LANZINGER, JJ., concur.

O'DONNELL, KENNEDY, and FRENCH, JJ., concur in judgment only.

———————

Jennifer L. Arnold, Alliance Law Director, for appellant.