[Cite as *State v. Newman*, 2017-Ohio-4047.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 16 CA 15 |
| REGINALD JEVON NEWMAN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. 15 CR 80


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      May 30, 2017


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOEL BLUE      TERRENCE K. SCOTT
PROSECUTING ATTORNEY      ASSISTANT PUBLIC DEFENDER
JASON R. FARLEY      250 East Broad Street
ASSISTANT PROSECUTOR      Suite 1400
139 West 8th Street, P.O. Box 640      Columbus, Ohio 43215
Cambridge, Ohio 43725

*Wise, John, J.*

{¶1} Appellant Reginald Jevon Newman appeals his conviction, in the Court of Common Pleas, Guernsey County, on several felony counts, including cocaine trafficking and possession. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2} The State's criminal case against appellant developed out of a series of controlled drug purchases through a confidential police informant in February, March, and April 2015, and the subsequent execution of a search warrant at a residence on Fairground Road in Lore City, Ohio. The search warrant in question was signed by Guernsey County's probate/juvenile judge on April 16, 2015, although the form utilized the heading "Cambridge Municipal Court, Guernsey County, Ohio."

{¶3} On August 7, 2015, appellant was indicted by the Guernsey County Grand Jury on two counts of trafficking in cocaine (R.C. 2925.03(C)(4)(d)), one count of trafficking in cocaine (R.C. 2925.03(C)(4)(e)), three counts of conspiracy to commit trafficking in cocaine (R.C. 2923.01), one count of illegal manufacture of drugs (R.C. 2925.04), one count of possession of cocaine (R.C. 2925.11(C)(4)(e)), two counts of possession of cocaine (R.C. 2925.11(C)(4)(a)), one count of possession of drugs (suboxone) (R.C. 2925.11(C)(2)(a)), and one count of possession of drugs (alprazolam) (R.C. 2925.11 (C)(2)(a)).

{¶4} On September 4, 2015, appellant filed a motion to suppress evidence. The motion raised several grounds, including the argument that the probate/juvenile judge did not have authority or jurisdiction to sign the search warrant, particularly when labeled with

a municipal court heading. A hearing on the motion to suppress was conducted on September 29, 2015.

{¶5} On October 2, 2015, the trial court issued a judgment entry, with findings of facts and conclusions of law, denying appellant's motion to suppress.

{¶6} The court subsequently dismissed the count of possession of suboxone and the count of possession of alprazolam. A jury trial commenced on April 14, 2016, following which appellant was found guilty of all remaining counts in the indictment except count one (trafficking in cocaine (R.C. 2925.03(C)(4)(d))) and count two (conspiracy to commit trafficking in cocaine (R.C. 2923.01)).

{¶7} On June 27, 2016, the trial court sentenced appellant to a total sentence of sixteen years in prison.

{¶8} On July 28, 2016, appellant filed a notice of appeal.[1] He herein raises the following two Assignments of Error:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT CONVICTED MR. NEWMAN OF ENHANCED-DEGREE FELONIES FOR TRAFFICKING OR POSSESSION OF COCAINE BASED ON GROSS WEIGHT THAT INCLUDED OTHER MATERIAL, INSTEAD OF THE WEIGHT OF ACTUAL COCAINE, IN VIOLATION OF HIS RIGHT TO DUE PROCESS. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

---

[1] Appellant's notice of appeal appears to be untimely. However, in the interest of justice, we hereby grant leave, *sua sponte,* for a delayed criminal appeal under App.R. 5.

**{¶10}** "II.  THE TRIAL COURT VIOLATED MR. NEWMAN'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN THE COURT DENIED THE MOTION TO SUPPRESS, WHEN THE SEARCH WARRANTS WERE CAPTIONED 'CAMBRIDGE MUNICIPAL COURT' AND ISSUED BY A PROBATE/JUVENILE JUDGE, IN VIOLATION OF THE FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 5, 10, AND 16 OF THE OHIO CONSTITUTION."

I.

**{¶11}** In his First Assignment of Error, appellant contends his conviction for cocaine trafficking and possession based on the gross weight of the substances seized by law enforcement was a violation of his right to due process of law. We disagree.

**{¶12}**  Appellant directs us to *State v.* Gonzales, 6th Dist. Wood No. WD–13–086, 2015–Ohio–461, which was initially affirmed by the Ohio Supreme Court on December 23, 2016, in a certified conflict appeal. *See State v. Gonzales*, —— N.E. 3d ——, 2016–Ohio–8319. The Supreme Court therein held that the State, in prosecuting cocaine possession offenses involving mixed substances under R.C. 2925.11(C)(4)(b) through (f), must prove that the weight of the cocaine meets the statutory threshold, excluding the weight of any filler materials used in the mixture. Three Justices signed the lead opinion and one Justice concurred in the judgment only, with a separate opinion.

**{¶13}**  However, on March 6, 2017, subsequent to the filing of the briefs in the case *sub judice*, the Ohio Supreme Court, upon reconsideration, instead held as follows: "Giving effect to the statute as a whole and to the intent of the legislature as expressed in the words of the statute, we conclude that the applicable offense level for cocaine

possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug." *State v. Gonzales,* ---- N.E.3d ----, 2017-Ohio-777, ¶ 18 (*"Gonzales II"*).

**{¶14}** Accordingly, appellant's First Assignment of Error must be overruled.

II.

**{¶15}** In his Second Assignment of Error, appellant contends the trial court erred in admitting evidence seized from the Fairground Road residence pursuant to the search warrant obtained by law enforcement officers. We disagree.

**{¶16}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *See Ornelas v. United States* (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

**{¶17}** When issuing a search warrant, a trial judge or magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. George* (1980), 45 Ohio St.3d 325, at paragraph one of the syllabus, citing *Illinois v. Gates* (1983), 462 U.S. 213, 238–239 (internal quotation marks omitted).

**{¶18}** Appellant first challenges the authority of the Guernsey County Probate / Juvenile Court to issue the search warrant in question. We note Civ.R. 41(A)(1) states that "[u]pon the request of a prosecuting attorney or a law enforcement officer *** [a] search warrant authorized by this rule may be issued by a judge of a court of record to search and seize property located within the court's territorial jurisdiction ***." In addition, R.C. 2933.21 states: "A judge of a court of record may, within his jurisdiction, issue warrants to search a house or place ***." The Ohio Supreme Court has indeed determined that "[u]nless a probate judge has been assigned by the chief justice pursuant to Article IV, Section 5(A)(3) of the Ohio Constitution to temporarily sit or hold court in another division of a court of common pleas a probate judge does not have the authority to hear evidence and issue search warrants in criminal matters." *State v. Brown*, 142 Ohio St.3d 92, 28 N.E.3d 81, 2015-Ohio-486, ¶ 1.

**{¶19}** In reaching its decision in *Brown*, the Court relied in large measure on the definition of "judge" set forth in R.C. 2931.01, finding the language of said statute to be plain and unambiguous. However, our research reveals that subsequent to *Brown*, the General Assembly amended R.C. 2931.01(B), which now reads in pertinent part: "As

used in Chapters 2931. to 2953., *except sections 2933.21 to 2933.33*, of the Revised Code: (1) "Judge" does not include the probate judge. (2) "Court" does not include the probate court. \*\*\*." We find the General Assembly thereby intended to remove the restriction against probate judges issuing search warrants under R.C. 2933.21.

**{¶20}** We recognize the amendments to R.C. 2931.01 were not effective until March 23, 2016, which post-dates the 2015 search warrant in the case *sub judice*. However, the three companion cases addressed by the Supreme Court in *Brown* all involved Alliance, Ohio, police detectives obtaining a search warrant from the Stark County Court of Common Pleas, Probate Division. We take judicial notice that Stark County has a separate judge of the probate division of court of common pleas. *See* R.C. 2101.02. In contrast, Guernsey County has a dual probate and juvenile judgeship. The applicable definition of "juvenile court" applicable to Guernsey County is simply "[t]he probate division of the court of common pleas." *See* R.C. 2151.011(A)(1)(c). We also note the definition of "judge," for purposes of the Rules of Criminal Procedure, is a "judge of the court of common pleas, *juvenile court*, municipal court, or county court, or the mayor or mayor's court magistrate of a municipal corporation having a mayor's court." Crim.R. 2(E). Furthermore, "[t]he juvenile court is a court of record within the court of common pleas." R.C. 2151.07.

**{¶21}** Thus, even assuming the 2016 amendments to R.C. 2931.01 are not retroactive, we are unpersuaded that *Brown* precludes the issuance of search warrants by a probate judge who also serves as the juvenile judge for a particular county. Finally, given the lack of clear precedent on the present issue in regard to combined probate/juvenile courts, we would otherwise conclude that the good-faith exception under

*United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), would have applied to the officers' execution of the search warrant under the circumstances of the case *sub judice.*

**{¶22}** Appellant also contends the search warrant at issue was invalid because it incorrectly utilized "Cambridge Municipal Court" as its heading. Clearly, juvenile courts and municipal courts are granted separate jurisdictional authority by the General Assembly. *See* R.C. 2151.23; R.C. 1901.02, 1901.18. The State concedes that a "clerical error" occurred in this instance. However, it is well-established that inadvertent clerical errors, unless they cause prejudice to the defendant, will not invalidate an otherwise valid search warrant. *See State v. Gervin*, 3rd Dist. Marion No. 9–15–51, 2016-Ohio-5670, ¶ 16 (additional citations omitted). We find no demonstration of prejudice to appellant by the mistaken document heading under the circumstances presented.

**{¶23}** Appellant's Second Assignment of Error is overruled.

**{¶24}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.

By: Wise, John, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0503