[Cite as *State v. Crisp*, 2025-Ohio-1718.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| JOSHUA D. CRISP | : | Case No. 2024 CA 00057 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Licking County
                                 Court of Common Pleas, Case No.
                                 2023 CR 00864

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                May 13, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KEN OSWALT                                APRIL F. CAMPBELL
Assistant Prosecutor                      Campbell Law Office
Licking County, Ohio                      545 Metro Place South, Suite 100
20 South 2nd Street                       Dublin, Ohio 43017
Newark, Ohio 43055

*Baldwin, P.J.*

**{¶1}** The appellant's counsel has submitted an *Anders* Brief in which she offers the following two potential assignments of error: the trial court erred in denying the appellant's motion to suppress; and, the trial court erred in accepting the appellant's no contest pleas and in imposing sentence. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On or about November 16, 2023, law enforcement officials executed a Search Warrant at 620 McKinley Ave., Unit F, in Newark, Ohio. The Search Warrant was supported by the Affidavit of Detective Jarrod Conley of the Newark Police Department, who was at the time assigned to the Central Ohio Drug Enforcement Task Force.

**{¶3}** The appellant was one of a number of individuals at the McKinley Ave. location. The appellant exited a sleeper cabin of a semi that had been removed and placed inside the unit. Officers searched the sleeper cabin, and searched a safe found therein which held a wallet containing the appellant's EBT card, approximately 37 grams of suspected Methamphetamine in three separate baggies, digital scales with residue, baggies, and a pipe used for smoking Methamphetamine. The appellant was Mirandized and thereafter interviewed, during which he admitted that the substances were his but claimed they were for his personal use. Detective Conley filed a criminal complaint against the appellant, who made a court appearance and was appointed counsel.

**{¶4}** On November 30, 2023, the appellant was indicted on the following charges: Count One, aggravated possession of drugs (Methamphetamine) in an amount exceeding five times bulk but less than fifty times bulk in violation of R.C. 2925.11(A) and (C)(1)(c), a felony of the second degree; Count Two, aggravated trafficking in drugs

(Methamphetamine) in an amount exceeding five times bulk but less than fifty times bulk in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a felony of the second degree; and, Count Three, illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. The appellant pleaded not guilty at his December 5, 2023, arraignment.

{¶5} The Search Warrant and supporting Affidavit originally listed the address to be searched as 621 McKinley Ave., which appeared to have been changed by hand to reflect the correct address - 620 McKinley Ave. As a result of this discrepancy, the appellant filed a motion to suppress, arguing that the altered address constituted a defect in the warrant, vitiating its legitimacy. Detective Conley testified at the July 9, 2024, Suppression Hearing that he noticed the typographical error regarding the address, and corrected it by hand before presenting the search warrant documents to the signing judge. Based upon Detective Conley's testimony, the trial court denied the appellant's Motion to Suppress.

{¶6} The appellant changed his plea to no contest the same day and the matter proceeded to sentencing, during which the trial court engaged in the requisite Crim.R. 11 colloquy. The court ensured that the appellant was entering his plea knowingly and voluntarily; and, reviewed with the appellant the rights he was giving up by pleading no contest, as well as the potential sentence. The court accepted the appellant's no contest plea, and when the appellant waived a pre-sentence investigation the court proceeded to sentence him. The court merged the appellant's second degree trafficking and possession offenses, and sentenced him to a mandatory minimum term of two years and

maximum term of three years. In addition, the court sentenced him to a 30-day jail term on the drug paraphernalia offense, to be served concurrently.

{¶7} The appellant filed a timely appeal, and his counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which she sets forth the following two potential assignments of error:

{¶8} "I. THE TRIAL COURT ERRED IN DENYING CRISP'S MOTION TO SUPPRESS."

{¶9} "II. THE TRIAL COURT ERRED ACCEPTING CRISP'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

## STANDARD OF REVIEW

{¶10} The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶11} Attorney April F. Campbell, the appellant's appointed appellate counsel, filed an *Anders* brief on December 11, 2024, informing this Court that she had conscientiously examined the case, reviewed the entire record, researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Campbell requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal. She served a copy of the Appellant's *Anders* Brief, as well as copies of the transcripts, upon the appellant. Attorney Campbell filed a Motion to Withdraw together with her *Anders* Brief.

{¶12} This Court informed the appellant in a December 18, 2024, Judgment Entry that the Court received notice he had been informed by his attorney that an *Anders* brief had been filed on his behalf and provided notice that supplied the appellant with a copy. In addition, the appellant was granted sixty days from the date of the entry to file a pro se brief in support of his appeal. The appellant did not file a pro se brief.

{¶13} The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders*. Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-

3242, ¶ 7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶ 16-17 (2nd Dist.)." *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2nd Dist.).' " *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## ANALYSIS

**{¶14}** Appellate counsel submits as her first potential assignment of error that the trial court erred in denying the appellant's motion to suppress. We disagree.

**{¶15}** The potential issue with regard to the search warrant involves a typographical error that the investigating detective corrected prior to presentation of his Affidavit and the Search Warrant to the signing judge. This Court addressed the issue of clerical errors and their impact on the validity of search warrants in *State v. Newman*, 2017-Ohio-4047 (5th Dist.): "However, it is well-established that inadvertent clerical errors, unless they cause prejudice to the defendant, will not invalidate an otherwise valid search warrant." *Id.* at ¶ 22. In the case sub judice, the testimony presented at the suppression hearing evidenced the fact that the error regarding the address of the premises to be searched was discovered by Detective Conley and corrected prior to submission of his Affidavit and the Search Warrant to the signing judge. There was no error in the procurement of the warrant, as the address was corrected from 621 McKinley Ave. to 620 McKinley Ave. prior to submission to the judge. Further, even if this were to be considered error, there is no evidence that the appellant suffered prejudice as a result of the correction.

**{¶16}** In addition, the appellant conceded at the change of plea and sentencing hearing that if the appellee had communicated the details regarding Detective Conley's correction to the Affidavit and Search Warrant prior to submission to the signing judge,

the appellant would have dismissed his motion to suppress. The appellant's first potential assignment of error is, therefore, without merit.

{¶17} Appellate counsel submits as her second potential assignment of error that the trial court erred in accepting the appellant's guilty plea under Crim.R. 11, and in sentencing him. We disagree.

{¶18} Our review of the record supports the finding that the trial court complied with Crim.R. 11. The trial court engaged in a thorough colloquy with the appellant, advising him of the constitutional rights he was giving up; informing him regarding maximum potential penalties, including the fact that by pleading guilty he was subject to a mandatory prison sentence; and, ensuring that he understood the potential sentence for his no contest plea, and that he would be subject to post-release control upon his release. The trial court also questioned the appellant to determine whether he was able to understand his plea and whether it was validly entered. The court determined that the appellant understood his plea and that it was validly entered. Accordingly, the appellant's guilty plea was knowingly, voluntarily, and intelligently given, and there was no error in the trial court's acceptance of the appellant's plea of no contest to one count of aggravated possession of drugs, one count of aggravated trafficking in drugs, and one count of illegal use or possession of drug paraphernalia.

{¶19} Nor did the trial court err in the sentence imposed upon the appellant. Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, 2014 WL 2480615, ¶ 20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B)

or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, 2016 WL 3573887, ¶ 7, citing R.C. 2953.08(G)(2). The trial court merged the appellant's aggravated possession and aggravated trafficking charges, and sentenced him to a minimum of two years and a maximum of three years – well within statutory parameters.

**{¶20}** Misdemeanor sentences are within the discretion of the sentencing court, and will not be reversed absent an abuse of discretion if they are within statutory parameters. A 30-day sentence on the misdemeanor charge of illegal use or possession of drug paraphernalia is well within statutory parameters, particularly since it was imposed concurrently with his sentence on the second degree felony charge to which he pleaded no contest. Thus, the appellant's total stated term of imprisonment was a minimum of two years, with a maximum of three years.

**{¶21}** The sentence imposed by the trial court was within the statutory parameters. As such, the trial court did not err with regard to the sentence imposed upon the appellant, and the appellant's potential assignment of error number two is without merit.

## CONCLUSION

{¶22} Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We find the appeal to be wholly frivolous under *Anders.* Attorney Campbell's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Licking County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

King, J. and

Popham, J. concur.