[Cite as *State v. Bicker*, 2025-Ohio-4934.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25-COA-002 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 24-CRI-069 |
| JORDAN BICKER | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 28, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; David M. Gormley, Appellate Judges

**APPEARANCES:** CHRISTOPHER R. TUNNELL, JAMES B. REESE III for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*King, J.*

{¶ 1}   Defendant-Appellant Jordan Bicker appeals the January 7, 2025 judgment of conviction and sentence of the Ashland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

**Facts and Procedural History**

{¶ 2}   In February, 2022, Ashland County Sheriff's Office Lieutenant Jason Martin received tips from the Cleveland Ohio Internet Crimes Against Children Task Force regarding downloads of child pornography involving a Verizon Wireless account and phone number associated with Timothy Bonnell. Martin found the information he received confusing and therefore recruited the assistance of Special

Agent John Saraya of the Ohio Bureau of Criminal Investigation. Saraya specializes in child exploitation cases. Saraya advised Martin to obtain account information from Verizon and then assisted Martin in obtaining a search warrant for the residence and electronic devices of Timothy Bonnell. The focus was on one phone number which came back to Bonnell.

{¶ 3} When the search of Bonnell's devices and residence yielded none of the suspected contraband, Bonnell told officers that the phone number they were interested in belonged to his son, Jordon Bicker. He further advised Bicker was on Bonnell's Verizon family phone plan. Bonnell advised Bicker had moved to an address on Evergreen Street, which he provided to the officers.

{¶ 4} Using the same affidavit template he had used for the Bonnell residence, Martin sought a second warrant, this time for Bicker's residence and electronic devices. On the affidavit, Martin failed to change the person of interest and the address from Bonnell to Bicker in several places, but a judge issued a warrant. Upon executing the warrant, officers located the phone tied to the tips. The phone contained child pornography.

{¶ 5} As a result of these events, on February 9, 2024, the Ashland County Grand Jury returned an indictment charging Bicker with eleven counts of illegal use of a minor or impaired person in nudity-oriented material or performance, and four counts of pandering sexually oriented matter involving a minor or an impaired person. Bicker entered pleas of not guilty and filed two motions to suppress the evidence obtained in the search of his home and phone. Seizing upon the careless drafting of the second affidavit, in his March 18, 2024 motion to suppress, Bicker

argued a nexus between himself and a fair probability that evidence of a crime would be found on his person or property was absent. Bicker's second motion to suppress, filed March 21, 2024, argued he was entitled to a hearing pursuant to *Franks v. Delaware*, 328 U.S. 154 (1978) because Martin allegedly withheld information about where Bicker was living and when and how many files Internet Crimes Against Children had reviewed. He additionally argued the good faith exception should not apply to the warrant.

{¶ 6}   A hearing took place on Bicker's motions on May 20, 2024. The state presented the testimony of Saraya and elicited the above outlined facts. Bicker called Lieutenant Martin who testified he had drafted the second affidavit and made some clerical errors in doing so by failing to change the name and address in some places.

{¶ 7}   By judgment entry filed June 21, 2024, the trial court denied Bicker's motions. Bicker subsequently entered pleas of no contest to each count of the indictment. The trial court accepted Bicker's pleas and convicted him. Following the preparation of a presentence report, the trial court sentenced Bicker to an aggregate prison term of six years.

{¶ 8}   Bicker filed an appeal, and the matter is now before this court for review. He raises two assignments of error as follows:

I

{¶ 9}   "THE EVIDENCE AGAINST BICKER SHOULD HAVE BEEN SUPPRESSED BECAUSE THE AFFIDAVIT SUPPORTING THE SEARCH OF

HIM AND HIS HOME WAS NOT SUPPORTED BY PROBABLE CAUSE: THERE WAS NO EVIDENCE OF CRIMINAL ACTIVITY THERE."

II

{¶ 10} "THE GOOD FAITH EXCEPTION DOES NOT APPLY TO CURE THE WARRANT'S LACK OF PROBABLE CAUSE TO SEARCH BICKER AND/OR HIS HOME."

I, II

{¶ 11} In his first assignment of error, Bicker argues the trial court erred in denying his motion to suppress because the warrant to search his home and devices issued without probable cause. Specifically, he argues the drafting errors in the affidavit created a lack of a factual link between criminal activity and the place to be searched. In his second assignment of error, Bicker argues the good faith exception is inapplicable in this case. We disagree.

{¶ 12} There certainly are serious questions about sufficiency of the second warrant affidavit standing alone. Based on the entire sequence of events, however, we conclude that there were indeed sufficient facts to establish probable cause to issue the second warrant.

{¶ 13} The facts here tell us that child pornography was downloaded to a device connected to a certain cell number that was connected to Bonnell's account. The phone officers sought to seize was on the cell phone plan of Bicker's father Bonnell and thus was technically Bonnell's property. Bonnell, however, told officers that the phone utilizing the phone number the officers were targeting was in Bicker's possession. We know the officers had probable cause for connecting

the downloading of child pornography, the phone in Bicker's possession, and Bicker's residence. As the trial court noted, Bicker could have downloaded the pornography from anywhere, his home or Bonnell's due to the nature of cell phones, making the particular address less significant here regarding the seizure and search of the cell phone assigned to the phone number that was the target of the investigation.

{¶ 14} Yet, within the four corners of the affidavit much of that information is omitted. But for purposes of the good faith exception, we do not find this is so lacking the indicia of probable cause as to render the belief in probable cause unreasonable. So, we will proceed to consider the second assignment of error, as it is dispositive.

**The Affidavit**

{¶ 15} During the suppression hearing, the affidavit for the search warrant for Bicker's home and devices was marked as joint exhibit 3. On page one, the second and third paragraphs indicated the affiant was seeking a warrant for "the person of Jordan S. Bicker," on the premises of "515 Evergreen Street" which was Bicker's address.

{¶ 16} The fourth paragraph on page one indicates the search will include "any electronic devices . . . brought or transported by Timothy Bonnell."

{¶ 17} The fifth paragraph begins "Affiant has reason to believe that kept in the custody and/or on the person of Timothy D. Bonnell . . . there is now being unlawfully kept, concealed and possessed in said residence the following property . . .."

{¶ 18} Page three of the affidavit, item 1b states the affiant reasonably believes electronic devices "in the custody of Jordan S. Bicker, and under his control in his residence at 515 Evergreen . . ." contained the electronic media the officers sought. Item 3, beginning on the same page provides "law enforcement personnel are authorized to press the fingers/thumbs of Timothy D. Bonnell to the Touch ID and/or place the device in front of his face, of any locked cellular device(s) of which he is a known or suspected user or owner . . ." in order to unlock the same.

{¶ 19} Page five of the affidavit sets forth the facts of the investigation. The fifth paragraph indicates "The illegal material returns to the phone and online accounts coming back to the address of . . .Township Road 555 [Bonnell's address]. Later learned from Tim [Bonnell] that his son Jordan S. Bicker now lives at [Evergreen] St . . . and is on his cell phone plan."

{¶ 20} Page eight of the affidavit, item I states in relevant part ". . . Affiant believes that there is probable cause to believe that an individual residing in the residence has a sexual interest in children and that computers and/or electronic devices located at . . .Township Road 555 . . . are likely storage locations for copies of nude images and or videos of adults and/or children in various stages of undress . . .."

{¶ 21} It is apparent that the names and addresses are correct on some portions of the affidavit and incorrect in others. During the suppression hearing, both Special Agent Saraya and Lieutenant Martin conceded there were drafting errors in the affidavit. Transcript of suppression hearing (T.) 32, 40. Lieutenant

Martin admitted that he used the affidavit for Bonnell's address on Township Road 555, utilized copy/paste to create the affidavit for Bicker's address on Evergreen Street, and made some errors in doing so. T. 40.

**Analysis**

{¶ 22} This is a case of sloppy drafting. But the application of the exclusionary rule is meant to deter law enforcement conduct that "flagrantly, deliberately, or recklessly violates the Fourth Amendment." *State v. Hoffman*, 2014-Ohio-4795, ¶ 46. The record before us contains no evidence of any such conduct.

{¶ 23} As we discussed above, had the entire course of the investigation been included in the affidavit, it would have certainly established probable cause. And we know from the testimony that the officers were involved in the execution of the prior warrant and thus aware of those facts. Moreover, the officers admitted that the inaccuracies in the affidavit were their errors. The trial court appeared to find this testimony credible in denying the motion to suppress. So, the situation before us is one where the officers made mistakes in preparing the affidavit and then relied on the subsequent warrant in good faith.

{¶ 24} Evidence recovered should be suppressed " 'only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.' " *U.S. v Leon*, 468 U.S. 897 at 919 (1984), quoting *United States v. Peltier*, 422 U.S. 531, 542 (1975). To be sure, errors were committed here in the effort to obtain the warrant. Although one might characterize the officers' preparation of the affidavit

as reckless, that is not enough. It must be a reckless disregard for the truth. *United States v. Hammond*, 351 F.3d 765, 773 (6th Cir. 2003), citing *U.S. v. Leon*, at 922. There is no argument before us that the affidavit was false, nor is that plain to our eyes.

{¶ 25} Under *Leon*, we are to consider whether the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon* at 293. More specifically, our review of the affidavit is to consider whether the affidavit was so conclusory and devoid of sufficient facts that any reasonable person would conclude probable cause was not established. See *United States v. O'Neill*, 94 F.4th 531, 541 (6th Cir.), cert. denied, 145 S. Ct. 301 (2024). As discussed above, the affidavit did not completely lack the indicia of probable cause as to bar the application of the good faith rule. Further, in *State v. Newman*, 2017-Ohio-4047 (5th Dist.), we noted "it is well-established that inadvertent clerical errors, unless they cause prejudice to the defendant, will not invalidate an otherwise valid search warrant." Id. at ¶ 22. This warrant affidavit contained technical violations which did not rise to the level of constitutional error.

{¶ 26} And whether we disagree with the magistrate's decision is beside the point. To that end we note that "any error in deciding whether probable cause exists for the search warrant belongs primarily to the *magistrate* issuing the warrant, not the *officer* seeking it." *United States v. Baker*, 976 F.3d 636, 647 (6th Cir. 2020), citing *Davis v. United States*, 564 U.S. 229, 239, (2011) (emphasis original). The trial court may well have been justified in denying the application for the warrant on this affidavit. That issue is not our focus; rather, our focus here is

whether the officers were justified in relying on the warrant that was issued. We conclude that they were. There is no argument before us that the warrant itself was facially deficient.

{¶ 27} Accordingly, irrespective of the deficiencies of the second affidavit, we find the good faith exception to the exclusionary rule applies here, and the trial court properly concluded the evidence seized from the warrant should not be suppressed.

{¶ 28} For the reasons stated in our accompanying Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed.

{¶ 29} Costs to Appellant.

By: King, P.J.

Montgomery, J. and

Gormley, J. concur.